**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:23-MC-60945-WILLIAMS/AUGUSTIN-BIRCH**

**DAN-BUNKERING (AMERICA) INC.,**

      **Plaintiff,**

**v.**

**ICHOR OIL, LLC,** *et al.***,**

      **Defendants.**

_____/

## ORDER SETTING DISCOVERY PROCEDURES

The Honorable Kathleen M. Williams, United States District Judge, has referred discovery matters in this case to the undersigned United States Magistrate Judge.  The parties are hereby notified that the following procedures apply to discovery disputes before this Court.  These procedures are designed to assist the parties and the Court in working together to timely and fairly resolve discovery disputes without undue delay and unnecessary expense.  The procedures in this Order do not relieve parties of the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted.

The Court expects all parties to act courteously and professionally and to engage in reasonable compromise to facilitate the resolution of discovery disputes.  The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or of other discovery misconduct.

I.      **PROCEDURES FOR DISCOVERY DISPUTES**

    A.      **Pre-Hearing Conferral.**  If a discovery dispute arises, counsel must actually speak to one another (in person or via telephone or videoconference) in a genuine effort to resolve the

dispute before seeking Court intervention.  Email correspondence or leaving a voicemail message does not alone constitute adequate conferral.  The Court expects all parties to act in good faith to attempt to resolve a discovery dispute prior to scheduling a hearing.  Even after a hearing has been scheduled, the Court expects the parties to continue to pursue a resolution of disputed matters.  If those efforts are successful, counsel should contact Chambers as soon as practicable to timely cancel the hearing.  If the parties resolve some, but not all, of the disputed matters before the hearing, counsel shall timely contact Chambers to provide notice about which issues are no longer in dispute.

B.      **Scheduling a Discovery Hearing**.  If, after conferring, the parties are unable to resolve a discovery dispute without Court intervention, then a party may seek a hearing by contacting Chambers at (954) 769-5460 to place the matter on an available discovery calendar. The Court will provide the telephoning party with available dates and times for a hearing.  That party shall confer with opposing counsel to confirm availability and then contact Chambers again to finalize the hearing date and time.  The Court will thereafter enter an Order scheduling the hearing.  The longer a party waits to contact Chambers to finalize a hearing date, the more likely it is that the hearing date will no longer be available.  At the Court's option, the hearing may be held in person or by video conference.

C.      **Discovery Motions**.  On the same day that a party finalizes a hearing date, that party shall file through the Court's electronic filing system (CM/ECF) a concise discovery motion of no more than three pages.  The discovery motion shall (1) state with specificity the substance of the discovery matter(s) to be heard; (2) include citation to the best supporting legal authority; (3) certify that the parties have complied with the pre-hearing conferral requirement set forth above; and (4) attach a copy of all source materials relevant to the discovery dispute (*e.g.*, if the

dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be attached). The responding party shall file a response of no more than three pages within two business days of receiving the discovery motion. The initiating party may file a reply of no more than two pages within one business day of receiving the response.

       **D.**    <u>**Noncompliance.**</u>  No party may file a discovery motion, including a motion to compel or motion for protective order, unless the party has complied with the above procedures. The Court will deny a discovery motion if the filing party has not complied with these procedures.

       **E.**    <u>**Participation by Less-Experienced Attorneys.**</u>  Ordinarily, only one attorney for each party may argue at a discovery hearing. However, the Court has a strong commitment to supporting the development of our next generation of attorneys and encourages the participation of less-experienced attorneys during court proceedings. Should a party advise the Court prior to the beginning of a hearing that an attorney with five or fewer years of experience will be arguing a matter, the Court will permit multiple attorneys to argue on that party's behalf.

**II.**    <u>**SCOPE OF DISCOVERY AND OBJECTIONS**</u>

       **A.**    <u>**Rule 26(b)(1).**</u>  Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Any objection that a discovery request is not reasonably calculated to lead to admissible evidence is an objection that is based on an outdated discovery standard. Such an objection is meaningless and will be found meritless by this Court. An objection based on relevance or

proportionality must include a specific explanation describing why the requested discovery lacks relevance and/or why the requested discovery is disproportionate in light of the factors set out in Rule 26(b)(1).

**B.** **Boilerplate or General Objections.**   The parties shall not make nonspecific, boilerplate objections.  *See, e.g.*, S.D. Fla. L.R. 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."); Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B).  The parties also shall not make general objections that are not tied to a particular discovery request.  Such objections are meaningless and will be found meritless by this Court.

**C.** **Vague, Overly Broad, and Unduly Burdensome.**   Objections stating that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and will be found meritless by this Court.  A party objecting on these grounds shall specifically explain the particular way in which the request is vague, overly broad, or unduly burdensome.  In addition, claims of undue burden shall be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.

If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel prior to objecting on the ground of vagueness.  If a party asserts that a request seeks irrelevant material, the objection shall say so and explain why.  If a party asserts that a request seeks material that is relevant but excessive or cumulative, the objection shall state that the request is disproportionate and explain why.  If a party believes that a discovery request seeks information that is irrelevant, unduly broad, burdensome, or disproportionate, that party shall confer in good faith with opposing counsel to narrow the scope of the request before

asserting an objection and shall provide discovery as to those matters for which scope or burden is not contested.

       **D.**    **<u>Formulaic Objections Followed by an Answer</u>.**  The parties shall not recite a formulaic objection followed by an answer to the request.  It has become common practice for a party to object on the basis of any of the above reasons and then state that, notwithstanding the objection, the party will respond to the discovery request, subject to or without waiving the objection.  This type of objection and answer preserves nothing and serves only to waste the time and resources of the parties and the Court.  Furthermore, such practice leaves the requesting party uncertain as to whether the question has been fully answered.

       **E.**    **<u>Objections Based on Privilege</u>.**  Generalized objections asserting attorney-client privilege or work-product doctrine do not comply with the Local Rules.  The parties are instructed to carefully review and comply with Local Rule 26.1(e)(2) when asserting a privilege.  If a party fails to prepare a privilege log when required, the Court may deem an objection based on privilege waived.

       **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of May, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE